IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY B. COPEMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF PLACER; PLACER COUNTY SHERIFF'S DEPARTMENT; JOHN WEAVER; and DOES 1-50, inclusive,<br><br>        Defendants.* | 2:10-cv-01009-GEB-GGH<br><br>ORDER TO SHOW CAUSE |

        Defendants County of Placer, Placer County Sheriff's Department, and John Weaver seek summary judgment of Plaintiff's claims. The motion is scheduled for hearing on February 22, 2011; however, Plaintiff failed to specifically respond to Defendants' Statement of Undisputed Facts, as required by Local Rule 260(b), and failed to provide copies of the entire depositions upon which he relies in his opposition, as required by Local Rule 133(j).

---

    * The caption has been amended according to the Stipulation dismissing Defendant Joseph Herrick with prejudice, filed September 21, 2010. (ECF No. 10.)

1

The Eastern District's Local Rule 260(b) requires:

> Any party opposing a motion for summary judgment or summary adjudication [must] reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

E.D. Cal. R. 260(b). The Eastern District's Local Rule 133(j) requires in pertinent part:

> Before or upon the filing of a document making reference to a deposition, counsel relying on the deposition shall ensure that a courtesy hard copy of the entire deposition so relied upon has been submitted to the Clerk for use in chambers. Alternatively, counsel relying on a deposition may submit an electronic copy of the deposition in lieu of the courtesy paper copy to the emailbox of the Judge or Magistrate Judge and concurrently email or otherwise transmit the deposition to all other parties.

E.D. Cal. R. 133(j).

Therefore, the motion is rescheduled to be heard on March 7, 2011, commencing at 9:00 a.m., and Plaintiff shall respond to Defendants' Statement of Undisputed facts, as required by Local Rule 260(b), no later than February 14, 2011. Plaintiff shall also provide either courtesy hard copies or electronic copies of the entire depositions on which Plaintiff relies in his opposition, as required by Local Rule 133(j), no later than February 14, 2011. Any reply brief shall be filed by February 22, 2011.

Plaintiff is warned that "a district court has no independent duty to scour the record in search of a genuine issue of triable fact, and may rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment[.]" Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (internal quotation marks omitted). Id. (internal quotation marks omitted). Further, a party failing to specifically "challenge the facts identified

2

in the [movant's] statement of undisputed facts, . . . [may be] deemed to have admitted the validity of the facts contained in the [movant's] statement." Beard v. Banks, 548 U.S. 521, 527 (2006) (finding that a party opposing summary judgment who "fail[s] [to] specifically challenge the facts identified in the [movant's] statement of undisputed facts . . . is deemed to have admitted the validity of [those] facts[.]").

Plaintiff and his counsel are hereby ordered to show cause ("OSC") in a filing due on or before February 22, 2011, in which they explain why sanctions should not be issued under Local Rule 110 because of Plaintiff's failure to comply with Local Rules 133(j) and 260(b). The written response to this OSC shall also state whether Plaintiff or her counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on March 7, 2011, commencing at 9:00 a.m.

Dated: February 9, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the "faults . . . of the attorney may be imputed to, and their consequences visited upon, [the attorney's] client." In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

3